UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gerald N. Owens,                                  Case No. 3:11-cv-02690

        Plaintiff

v.                                            MEMORANDUM OPINION
                                                 AND ORDER

Commissioner of Social Security,

        Defendant

## INTRODUCTION

This matter is before me on the objections of Plaintiff Gerald N. Owens to the Report and Recommendation of Magistrate Judge James R. Knepp, II, regarding Owens's complaint seeking review of a final decision of Defendant the Commissioner of Social Security. (Doc. No. 16). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation and affirm the decision of the Commissioner.

## BACKGROUND

Magistrate Judge Knepp has accurately and comprehensively set forth the procedural and factual background of this case, and I adopted those sections of the Report and Recommendation in full. (*See* Doc. No. 15 at 1-12).

Owens argues Magistrate Judge Knepp erred in failing to recommend reversal and remand of the findings of the Administrative Law Judge ("ALJ"), and submits three objections to the Report and Recommendation. Owens objects to Magistrate Judge Knepp's conclusions that (1) the ALJ properly applied the treating physician rule; (2) the ALJ properly determined Owens was not a

credible witness; and (3) the ALJ relied upon appropriate vocational expert testimony. (Doc. No. 16 at 2).

The Commissioner filed a response to Owens's objections. (Doc. No. 17). The Commissioner asserts that Owens's objections merely duplicate the arguments he made in support of his summary judgment motion, and that Magistrate Judge Knepp appropriately concluded the ALJ's decision was supported by substantial evidence and constituted a proper application of the law. (Id. at 2).

## STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp.2d 738, 740 (N.D. Ohio 2010).

A district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## ANALYSIS

**The Treating Physician Rule**

The treating physician rule mandates:

> [The ALJ] must give a treating source opinion controlling weight if the treating source opinion is well-supported by medically acceptable clinical and laboratory

> diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. . . . If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. . . . .
>
> [T]he regulations require the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion. Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (citations and quotations omitted).

In *Blakely*, the Sixth Circuit concluded "the ALJ's summary rejection of [the treating physician] without explaining the weight given his opinions falls short of the Agency's own procedural requirements: '[A] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.' Soc. Sec. Rul. 96–2p." *Blakely*, 581 F.3d at 408. "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Id.*

Owens argues the ALJ and Magistrate Judge Knepp failed to give appropriate weight to the opinion of Owens's treating physician, Dr. Darlene Barnes, and also erred in their evaluation of the evidence of the limitations created by his mental illness. (Doc. No. 16 at 2-3). Dr. Barnes opined Owens "is totally disabled without consideration of any past or present drug and/or alcohol use." (Doc. No. 10 at 274). Owens argues Dr. Barnes's opinions "are well-supported by clinical and diagnostic psychiatric findings and are not inconsistent with other substantial evidence in the medical record" and should be given controlling weight as a result. (Doc. No. 16 at 7).

Dr. Barnes offered two opinions: (1) Owens is totally disabled and (2) Owens has marked limitations in many characteristics relevant to his employment prospects. (Doc. No. 10 at 274, 428-35). The ALJ disposed of the first opinion quickly – and properly. He noted "the final

3

responsibility for determining the ultimate issue of whether a claimant is 'disabled' or 'unable to work' is an area reserved to the Commissioner." (Doc. No. 10 at 35). The Social Security Regulations states the Commissioner is responsible for "administrative findings that are dispositive of a case, i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d); *see also id.* (statement by medical source that claimant is "disabled" or "unable to work" does not mean the Commissioner will conclude claimant is disabled). Physician opinions on a topic such as this are not entitled to deference. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009). Therefore, I adopt Magistrate Judge Knepp's recommendation and I conclude the ALJ did not err when he did not give controlling weight to Dr. Barnes's opinion that Owens was totally disabled.

Further, I find the ALJ's decision to reject Dr. Barnes's opinion regarding Owens's residual functional capacity to be supported by substantial evidence and in compliance with the Social Security Regulations. The ALJ gave "little weight" to Dr. Barnes's opinion and residual functional capacity assessment because they "appear[ ] to be based heavily on the claimant's subjective complaints. [The opinion and assessment are] not supported by the claimant's overall psychiatric treatment records . . . [and also are] internally inconsistent with Dr. Barnes['s] own notes in the treatment record . . . and [Dr. Barnes's] own statements within the document itself." (Doc. No. 10 at 35-36).

Owens points to findings from Dr. Barnes's treatment notes – including conclusions that Owens suffered from an impaired thought process, auditory hallucinations, paranoia, mood swings, and poor short-term memory – and claims those notes provide adequate support for Dr. Barnes's opinion that Owens has marked limitations. (Doc. No. 16 at 3-4). As Magistrate Judge Knepp noted, however, "Dr. Barnes at all times assigned [Owens] GAF scores indicating only moderate symptom severity . . . ." (Doc. No. 15 at 19). Magistrate Judge Knepp concluded "the ALJ did not err by using Dr. Barnes' GAF scores – which represented her judgment of [Owens's] functioning – to contradict her more restrictive assessment finding [Owens was] markedly limited and disabled."

4

(Id.); *see also Oliver v. Comm'r of Soc. Sec.*, 415 Fed. App'x 681, 684 (6th Cir. 2011) (explaining a GAF score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning" and is "significant only to the extent that it elucidates an individual's underlying mental issues").

The Social Security Regulations require the Commissioner to "apply" certain factors in determining the appropriate weight to give to a treating physician opinion which is not given controlling weight. 20 C.F.R. § 404.1527(c)(2). Those Regulations also require the Commissioner to "give good reasons" for the weight given to the treating source opinion. *Id.* Contrary to Owens's assertions, the Regulations do not require that "the ALJ explicitly detail his consideration of these factors." (See Doc. No. 16 at 8). Additionally, the Sixth Circuit emphasizes the "good reasons" requirement and not the recitation of the factors listed in 404.1527(c). *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) ("an ALJ is procedurally required to 'give good reasons in [the] notice of determination for the weight [he gives the claimant's] treating source's opinion"). The ALJ provided good reasons, supported by record evidence, for giving little weight to Dr. Barnes's opinion and was "sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Blakely*, 581 F.3d at 407. I conclude Owens's objection to Magistrate Judge Knepp's recommendation is not well-taken and is overruled. I adopt Magistrate Juidge Knepp's conclusion that the ALJ did not err in assigning less than controlling weight to Dr. Barnes's capacity assessment.

**Evaluation of Claimant's Credibility**

Owens objects to Magistrate Judge Knepp's conclusion that the ALJ properly evaluated Owens's credibility. (Doc. No. 16 at 7). Owens asserts the ALJ erred by suggesting Owens's prior drug use caused or exacerbated his mental illness while also "avoiding the [analysis required] by the Commissioner's Regulations when drug and/or alcohol use is material . . . " and also failed "to

5

consider the factors in SSR 96-7p when evaluating [Owens's] credibility."[1]  (Id. at 8, 10).  Further, Owens argues Magistrate Judge Knepp incorrectly stated "that the ALJ 'never' suggested a correlation between [Owens's] substance use and his credibility."  (Id. at 7).

> Magistrate Judge Knepp stated as follows:
>
> The ALJ never suggested a correlation between [Owens's] substance use and his credibility; rather the ALJ recited [Owens's] inconsistent reports of daily activity, medical records, and reports contradicting [Owens's] alleged symptom severity to determine [Owens] was not credible. [(Doc. No. 10 at 33).]  Specifically, the ALJ discussed treatment records describing [Owens] as "doing well" when medication compliant, and cooperative, well oriented, and logical, but hyper and manic when drug use is known to be active.  [(Id.).]  The ALJ then found [Owens's] allegations of hallucinations unsupported by the medical record.  To support his conclusion, the ALJ 1) cited three specific instances or opinions contradicting [Owens's] assertion; 2) cited medical evidence indicating [Owens] was doing "fairly good"; 3) pointed out [Owens] was able to manage his own daily activity; and 4) described [Owens's] inconsistent testimony and reports of daily activity.  [(Id. at 33-34).]

(Doc. No. 15 at 22).

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters*, 127 F.3d at 531.  The ALJ's credibility assessment "must be supported by substantial evidence."  *Id.*  As Magistrate Judge Knepp details, the ALJ pointed to numerous, specific pieces of evidence in the record in support of his credibility determination.  There "is nothing patently erroneous in the ALJ's decision to rely on [his] own reasonable assessment of the record over the claimant's personal testimony."  *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009).  While Owens points to other record evidence that supports his testimony, a reviewing court "must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the

---

[1] As Owens notes, "[t]hese factors include: plaintiff's daily activities; the location, duration, frequency, and intensity of his pain or symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and, any other measures used to relieve pain or other symptoms."  (Doc. No. 16 at 10 (citing SSR 96-7p); see also Doc. No. 15 at 21-22 (citing 20 C.F.R. § 416.929(c)(3))).

conclusion reached by the ALJ.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (*quoting Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Owens's objection to Magistrate Judge Knepp's conclusion that the ALJ's credibility determination is supported by substantial evidence is not well-taken, and is overruled.

**Vocational Expert Testimony**

Owens claims the testimony of the vocational expert was flawed "[b]ecause the ALJ's [residual functional capacity] determination failed to account for the limitations described by treating physician Dr. Barnes and is not supported by substantial evidence . . . ." (Doc. No. 16 at 11). As I stated above, the ALJ complied with the Social Security Regulations in deciding to give less than controlling weight to Dr. Barnes's opinion. The ALJ's residual functional capacity determination is supported by substantial evidence from the record and the testimony of the vocational expert is sufficient to support the ALJ's Step Five analysis and conclusion. (See Doc. No. 15 at 23-25).

## CONCLUSION

For the reasons stated above, I adopt the conclusions of Magistrate Judge Knepp as set forth in the Report and Recommendation and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
